2010 OK 79

### In the Matter of the REINSTATEMENT OF Layton M. PERRY, Jr. to Membership in the Oklahoma Bar Association.

### SCBD No. 5591.

Supreme Court of Oklahoma.

Nov. 9, 2010.

---

Charles F. Alden, III, Alden Dabney, Oklahoma City, OK, for petitioner.

Gina L. Hendryx, Oklahoma Bar Association, Oklahoma City, OK, for respondent.

TAYLOR, V.C.J.

¶1 The petitioner, Layton M. Perry, Jr., was disbarred on March 11, 1997, and did not seek rehearing of the decision. *State ex rel. Okla. Bar Ass'n v. Perry,* 1997 OK 29, 936 P.2d 897. Thus, his disbarment was effective on March 11, 1997. Perry now seeks reinstatement to membership in the Oklahoma Bar Association (OBA). The OBA opposes Perry's petition for reinstatement. The issue presented is whether Perry has shown by clear and convincing evidence that, if readmitted, his conduct will conform to the standards required for attorneys licensed by this Court to practice law in Oklahoma. *See In re Reinstatement of Munson,* 2010 OK 27, ¶2, 236 P.3d 96, 98. We find, and Perry agrees, that he has not met the burden of proof required for reinstatement.

¶ 2 This Court is vested with the duty to regulate the practice, ethics, discipline, and licensure of the practice of law in this State. *Id.* ¶ 11, 236 P.3d at 100. We are not bound by the findings or recommendations of the Professional Responsibility Tribunal (PRT) but are required to examine the record and make an independent decision based on all relevant facts. *Id.* ¶ 11, 236 P.3d at 101.

¶ 3 Before an attorney who has been disbarred may be readmitted to the practice of law, he must demonstrate by clear and convincing evidence, if readmitted, that the prerequisites for reinstatement are satisfied and that his conduct will conform to the high standards required of a member of the bar association. *Id.* ¶ 12, 236 P.3d at 101. "The applicant must present stronger proof of qualifications than one seeking first time admission." *Id.* (citing Rules Governing Disciplinary Proceedings (RGDP), 5 O.S.2001, ch. 1, app. 1–A, rule 11.4).

¶ 4 The PRT must make specific findings as to whether the petitioner possesses the good moral character necessary for admittance to the practice of law; whether the petitioner has engaged in the unauthorized practice of law during his suspension, disbarment, or resignation; and whether the petitioner possesses the competency and learning in the law required for admittance to the practice of law. Rule 11.5, RGDP. In its thorough report, the PRT found that Perry did not substantially comply with rule 9.1 of the RGDP requiring him to notify his clients of his inability to represent them, that Perry failed to present clear and convincing evidence of good moral character, that Perry failed to present clear and convincing evi-

dence that he had not engaged in the practice of law since being disbarred, that Perry did not have the competency and learning in the law required for admission to the practice of law in Oklahoma, that Perry had not made restitution in a civil fraud case, and that Perry expressed no regret or remorse about his fraudulent conduct. The PRT recommended that Perry's petition for reinstatement be denied and that he be ordered to pay the costs of the proceedings. Although we are not bound by the PRT's findings or recommendation, our complete review of the record requires the Court to agree that Perry should not be reinstated.

¶ 5 One consideration in reinstatement proceedings is whether the petitioner engaged in the unauthorized practice of law. *Munson,* 2010 OK 27 at ¶ 13, 236 P.3d at 101. The evidence shows that Perry has held himself out as a lawyer and has engaged in the unauthorized practice of law since being disbarred. He billed clients and corresponded on numerous occasions on stationary that stated that he was an attorney and counselor at law. Perry continued to use the professional association's stationary showing him as an attorney even after the association's other members had stopped. Perry continued to be listed in the phone book and on web pages as an attorney after he was disbarred. He prepared and billed for legal documents and approved the form of a court order as an attorney after being disbarred.

¶ 6 A second consideration in reinstatement proceedings is whether the petitioner complied with rule 9.1 of the RGDP.[1] Perry did not attempt to comply with this rule until after he filed his petition for reinstatement.

---

1. Rule 9.1 of the RGDP provides:

   When the action of the Supreme Court becomes final, a lawyer who is disbarred or suspended, or who has resigned membership pending disciplinary proceedings, must notify all of the lawyer's clients having legal business then pending within twenty (20) days, by certified mail, of the lawyer's inability to represent them and the necessity for promptly retaining new counsel. If such lawyer is a member of, or associated with, a law firm or professional corporation, such notice shall be given to all clients of the firm or professional corporation, which have legal business then pending with respect to which the disbarred, suspended or resigned lawyer had substantial responsibility. The lawyer shall also file a formal withdrawal as counsel in all cases pending in any tribunal. The lawyer must file, within twenty (20) days, an affidavit with the Commission and with the Clerk of the Supreme Court stating that the lawyer has complied with the provisions of this Rule, together with a list of the clients so notified and a list of all other State and Federal courts and administrative agencies before which the lawyer is admitted to practice. Proof of substantial compliance by the lawyer with this Rule 9.1 shall be a condition precedent to any petition for reinstatement.

When he filed the rule 9.1 affidavit some twelve years late, he stated that he had no clients at the time of his disbarment which was not true. He had at least one client at the time and he presented no evidence that he either notified the client or withdrew from representation.

¶ 7 A third consideration in this reinstatement proceeding is Perry's failure to comply with this Court's directive for him to pay the costs of $2,339.84 within thirty days of the date the opinion became final, *i.e.*, within thirty days of March 11, 1997. Perry made no payment on the costs until July of 2005. In a letter to the OBA, Perry apparently enclosed a check for the payment of the costs, plus $125.00 for a dishonored check. In the letter, he stated that he intended to file for reinstatement. Perry ignored this Court's order for the payment of costs of the disbarment proceedings for over eight years and did not make any payment until he decided to apply for reinstatement.

¶ 8 A fourth consideration in reinstatement proceedings is the petitioner's moral character. Rule 11.4, RGDP; *Munson*, 2010 OK 27 at ¶ 13, 236 P.3d at 101. When Perry filled out the OBA's reinstatement questionnaire, Perry omitted numerous facts and misstated other facts. One fact that Perry lied about on the form was whether he had ever had a complaint filed against him in any civil forum alleging fraud, deceit, misrepresentation, forgery, or legal malpractice. Perry answered no to the question. In fact, a civil case was filed against Perry in which he was found to have acted fraudulently. The court entered judgment in 1990 against Perry for $70,999.00, plus costs of $92.00 and attorney fees of $6,475.00. Perry did not attempt to repay the 1990 judgment until two years before seeking reinstatement. On the questionnaire, Perry answered that he owed about $30,000.00 on the judgment when he actually owed over $150,000.00 because of the accrued interest. When questioned about the omissions and misstatements, Perry's attitude showed that he was indifferent to the blatant deceptions. The deceptions in answers to the questionnaire and Perry's attitude show that he does not possess the moral character necessary for admittance to the

practice of law in Oklahoma. It also shows that he has not reformed his conduct since being disbarred in that lying to the OBA was part of the misconduct which resulted in his disbarment.

¶ 9 A fifth consideration in reviewing a reinstatement petition is the original misconduct's seriousness. Rule 11.4, RGDP; *Munson*, 2010 OK 27 at ¶ 13, 236 P.3d at 101. Perry's disbarment was based on his representing adverse interests in the hostile takeover of a business, entering into a business transaction with a client without disclosure, providing a client with financial assistance in connection with litigation, failing to act diligently and competently on his client's behalf, lying to clients, failing to keep clients reasonably informed, lying to the OBA's investigator, and failing to respond to the OBA's demands concerning grievances. The full details of Perry's misconduct can be found in the opinion disbarring Perry, *State ex rel. Okla. Bar Ass'n v. Perry*, 1997 OK 29, 936 P.2d 897, and need not be repeated here. Perry's misconduct was so egregious that it warranted disbarment.

¶ 10 A sixth consideration is learning and competency in the law. When questioned about the rules regarding attorney trust accounts, Perry was unable to explain the basic principles. This is most disturbing given that the evidence showed that, prior to being disbarred, Perry had written checks on his trust account to pay for legal seminars and that the checks were returned for insufficient funds. It is clear that Perry does not yet understand the rules for segregating his clients' funds. Further, Perry was not familiar with major changes to the Oklahoma Rules of Professional Conduct. 5 O.S.Supp. 2008, ch. 1, app. 3–A. Perry failed to show by clear and convincing evidence that he had the requisite competency and learning in the law.

¶ 11 As illustrated by his failure to be honest during the reinstatement proceedings, it is clear that Perry does not respect this Court or the integrity of the legal profession. Perry has made excuses for his failures throughout the reinstatement process which show that he still does not take responsibility for his actions. We agree with the petitioner, Layton M. Perry, Jr.; the respondent,

the OBA; and the PRT that the petitioner has failed to present clear and convincing evidence for reinstatement to the practice of law. Layton M. Perry, Jr.'s petition for reinstatement is denied. The OBA has filed an unopposed application to assess costs of $2,484.37. *See* Rule 11.1(c), RGDP. Petitioner, Layton M. Perry, Jr., is order to pay the costs of these proceedings in the amount of $2,484.37 within one year from the date this order becomes final.

**PETITION FOR REINSTATEMENT DENIED; PETITIONER ORDERED TO PAY COSTS OF $2,484.37.**

EDMONDSON, C.J., TAYLOR, V.C.J., and HARGRAVE, KAUGER, WATT, WINCHESTER, COLBERT, and REIF, JJ., CONCUR.